ESTEBAN SOSA BRISUEÑO, ETC., Plaintiff and Appellee, *v.* MUNICIPAL HOUSING AUTHORITY OF MAYAGÜEZ ET AL., Defendants and Appellants.

No. 10419. Argued May 3, 1951.—Decided August 20, 1951.

*Enrique Báez García* for appellants. *Vicente Palés Matos* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

In granting the complaint and awarding the minor plaintiff the amount of $2,500 for damages, with costs on defendants and $250 attorney's fees, the lower court made the following finding of facts:

"1. Plaintiff Esteban Sosa Brisueño is nine years of age and is under the *patria potestas* of his natural mother Ángela Brisueño Lange, who is of legal age, and with whom he lives in the city of Mayagüez; the defendant the Municipal Housing Authority of Mayagüez is a public corporation created under Act No. 126 of May 6, 1938 domiciled in Mayagüez; and the codefendant United States Fidelity and Guaranty Company is an insurance company authorized to do business in Puerto Rico.

"2. The defendant Municipal Housing Authority of Mayagüez is the owner and controls and administers a housing project known as 'Columbus Landing' in the west side of the city of Mayagüez, near de sea. The development covers a large portion of land originally occupied by a palm grove which was

mostly eliminated when the buildings were erected there remaining nevertheless, a considerable number of palms scattered throughout the land of the development, mostly in the fenced lots or patios of said buildings. The land not occupied by the buildings or its patios were devoted to streets and sidewalks, to gardens and playgrounds. The tenants of the Housing Authority have the use and enjoyment of the said coconut palms and sell their produce for their own benefit. The Authority, nevertheless, has the control, sanitary supervision, and regulation in general of the development and its dependencies, including, as the defendants admit in their brief, the pruning of the branches of trees and the clearing of the dead branches.

"3. On July 21, 1949 a little after noon, the minor plaintiff Esteban Rosa Brisueño was walking along one of the sidewalks of said development, at a place where a coconut palm-tree in a lot or patio of one of the buildings is visibly bent towards the street in such manner that its branches and fruits hang directly over said sidewalk. While the minor was walking by, one of the coconuts fell suddenly off the palm hitting the minor right on the head and throwing him to the ground from where he was picked up unconscious and taken to the Municipal Hospital of Mayagüez. There he was treated and cured by Dr. Ramón Almodóvar.

"4. Because of the blow received the minor plaintiff suffered a fracture with a depression in the skull, temporarily losing his speech, for which reason he had to undergo a surgical operation, having gradually recovered the speech. During the operation it was necessary to remove several pieces of the skull, leaving a hole two and one-half centimeters in diameter, which must be closed in the future by inserting in said place a vitelium plate. At the time of the trial the minor plaintiff still suffered from headaches and one side of his face would swell as a result of the blow and of the treatment. On the other hand the minor has not suffered from any other incapacity, and after the accident, which occurred during vacation time, he continued in school without any difficulty.

"5. By an insurance contract entered into by the codefendants Municipal Housing Authority of Mayagüez and the United States Fidelity and Guaranty Company, the latter was liable *in solidum* for damages up to the sum of $5,000 for any liability of the former as a result of the administration of the 'Columbus Landing' Development."

The lower court also reached the conclusion of law that the defendant Municipal Housing Authority of Mayagüez was negligent in having and maintaining in the place of the accident a coconut palm tree bending over the street, and that said negligence was the proximate cause of the accident.

Defendants allege in their appeal that the lower court erred (1) in overruling the defense that the complaint does not state facts sufficient to constitute a cause of action, since it did not appear from the pleadings that the defendant Municipal Housing Authority of Mayagüez had performed any act or infringed any obligation that could entitle plaintiff to claim and (2) in holding that said defendant was negligent in having and maintaining a coconut palm bent over the street, and that said negligence was the proximate cause of the accident.

■■ In our judgment, the errors assigned have not been committed. The evidence proved that the Authority defendant had the supervision and control of the "Columbus Landing" Development and its dependencies, including the pruning of the trees and the clearing of the palms' dry leaves —which numbered about four hundred in the land occupied by said development—and that one of the said palm trees was so bent over the street that its branches and coconuts hung over the sidewalk. The very fact that one of its coconuts fell down and caused the damages suffered by the minor plaintiff, who was a pedestrian in a public street, denotes the Authority's negligence in not maintaining a palm tree so bent, free of its fruit, to prevent accidents to third persons who might pass by said place, upon falling any of the coconuts. The fact that the palm tree was bent over and had its branches and coconuts hanging over the sidewalk, required a special care and zeal on the part of the Authority, because, although it is true that the coconuts are usually knocked down, it is also true that they fall down when the natural resistence which holds them to the palm tree is deteriorated. It was the duty of the Authority, since it kept the control

and supervision of the palms—notwithstanding the fact that the tenants had the enjoyment of its fruits—to maintain the palm tree which was bent over the street, in such a condition as not to constitute a menace or danger for the pedestrians passing by.

Consequently, neither the first error, which is directed to the insufficiency of the allegations nor the second which attacks the finding on the negligence of the Authority defendant, exists, because the allegations of the complaint should be considered amended by the evidence and the latter, in our judgment, sustains fully both the findings of fact, made by the lower court, and the conclusions of law on the negligence of the Authority defendant.

Judgment will be affirmed.